## Cochran Coal Co. v. Municipal Management Co.

*Kunkle & Trescher*, for plaintiffs.

*Smith, Best & Horn*, for defendants.

BAUER, J., March 12, 1956.—This case came on for argument before the court en banc, and the same question is involved in both of the above captioned cases, and we will dispose of them both in this one opinion.

In the first case mentioned, on June 16, 1953, the action in trespass was brought. Thereafter, on July 2, 1953, three preliminary objections were filed on behalf of each of defendants, namely, Municipal Management Company and Municipal Authority of Westmoreland County. On March 31, 1954, the opinion and decree of this court was filed sustaining the second and third preliminary objections which went to the jurisdiction of the court, and judgment was rendered in favor of defendants.

This decision by this court was reversed by the Supreme Court upon appeal.

The first preliminary objection, filed in behalf of each of defendants, remained unanswered. It was as follows:

"1. Plaintiff, in violation of Clause H. of Rule 1019 of the Pennsylvania Rules of Civil Procedure, while alleging that it is the owner of large blocks of coal in Bell and Washington Townships, Westmoreland County, Pennsylvania, including certain mining rights and privileges (Paragraph 8 of the Complaint), has neglected to attach copies of the deeds, or the material parts thereof (dates, places of record, descriptions and express mining rights and privileges) by which plaintiff acquired title to the coal and mining rights and privileges allegedly affected by the construction of the reservoir described in the Complaint."

This court saying, with respect thereto:

"The first Preliminary Objection as to the plaintiff not complying with the Rules of Civil Procedure, we

believe to be well taken, as a reference to Rules 1017, 1019 and 1028, and Rule 1041 will clearly disclose. However, this matter will not be decided on the basis of whether or not the Rules have been complied with."

In plaintiff's complaint in this case, it was alleged, inter alia, in paragraph 9, that defendants had:

". . . constructed a dam known as Beaver Run Dam, together with filtration plant and pipe lines on lands over and above large areas of coal owned by the plaintiff, and on lands in which the plaintiff has the right to use the surface. . . ."

It was admitted, at the time of the oral argument, by counsel representing plaintiff, that mistakenly it had been alleged that the dam and filtration plant had been constructed on lands over plaintiff's coal. In truth, plaintiff's coal was underlying only the water impounded in a portion of the reservoir and the land adjacent thereto.

In the suit recently brought by the Westmoreland Mining Company, it was alleged, in paragraph 10, that defendants:

". . . through their agents, servants, workmen, employees and independent contractors, constructed a dam known as Beaver Run dam, together with filtration plant and pipe lines on lands over and above large areas of coal owned by the plaintiff, and on lands in which the plaintiff has the right to use the surface. . . ."

We note that the allegations of the complaint in each case are almost identical. It was further alleged, in the suit last mentioned, paragraph 9, that the coal, together with the mining rights, owned by plaintiff, consisted of 36 tracts in all, as are particularly described in a mortgage of the Kiskiminitas Coal Company to Blairsville Savings and Trust Company, trustee, dated December 1, 1925, and recorded in mortgage book, vol. 420, p. 297, and that the description

contained in the record of said mortgage was incorporated by reference.

To this complaint, a preliminary objection, identical with that in the earlier suit of Cochran Coal Company, was filed, as we have already quoted.

It is insisted that defendants, in each of these cases, is entitled to have exhibited by plaintiff, in each suit, copies of the deeds, or the material parts thereof, etc., allegedly affected by the construction of the dam, filtration plant, pipe lines and by the water impounded in the reservoir. Clause (h) of rule 1019, which plaintiff's counsel has violated in each of these suits, provides:

"(h) A pleading shall state specifically whether any claim or defense set forth therein is based upon a writing. If so, the pleader shall attach a copy of the writing, or the material part thereof, but if the writing or copy is not accessible to him, it is sufficient so to state, together with the reason, and to set forth the substance of the writing."

In the oral presentation of this same question, in the suit first mentioned, it was contended by counsel for plaintiff, and the same counsel representing plaintiff in each of these cases, that clause (h) of rule 1019 had no relation to actions in trespass.

While it is true that neither complaint specifically states that plaintiff acquired its title to the coal, and the rights and privileges which it owns in connection therewith, by instruments in writing, we know of no other way by which it could possibly acquire the ownership of the coal and rights which it claims to own. The severance of the coal, with mining rights and privileges, of either plaintiff could have resulted in no other way than by a deed or deeds of conveyance.

It is true that the rules 1017, 1019 and 1028 relate to actions of law, assumpsit, although there is nothing in such rules which specifically limits their applica-

tion to such actions, but we find later, in rule 1041, that "the procedure in the action of trespass shall be in accordance with the rules relating to the action of assumpsit", unless otherwise provided by the rules relating to actions of trespass.

Goodrich-Amram state in their comments under rule 1044-1, page 192:

"The same rules apply in trespass as in assumpsit, with respect to the statement of the material facts in a concise and summary form, averments of time and place, averments of special damage, *statement whether a claim is based upon a writing*, pleading in the alternative, and the right of amendment." (Italics supplied.)

It is further stated, rule 1044-3, page 198:

"No separate rules being provided in the case of actions in trespass, the entirety of the preliminary objection practice applies without modification to the method of attack by a defendant upon the form or content of the plaintiff's complaint."

To the same effect is 2 Anderson Pa. Civ. Prac., page 558, etc. To the same effect is the opinion of Judge Williams in Hutchinson v. Ash et al., 74 D. & C. 481 (494). To the same effect, also, is McCormick v. The Elkwood Companies, Inc., et al., 83 D. & C. 571.

The necessity of knowing the source of title of each plaintiff of the tracts of coal which it owns under and immediately adjacent to the dam, filtration plant and reservoir, is apparent and, likewise, it is necessary that defendants be advised of the exact mining right, liberties and surface privileges which each plaintiff may own in connection with its tracts of coal so affected.

In neither complaint has plaintiff attempted to quote, nor give, to defendants, the exact language of its rights, liberties or privileges, nor the source of its title to the tracts affected, nor has plaintiff attached any maps or surveys of the land.

Prior to the trial, it is important that we know the exact phraseology of such rights, liberties and privileges, so that the legal effect of such rights may be tested by the decisions of the appellate courts construing mining rights, liberties and privileges. The decisions on this subject are legion.

Defendants are entitled to know the nature and extent of plaintiff's alleged injury so that they may know the nature of the claim before the time of trial and be prepared to answer. This is true in trespass actions as well as assumpsit actions.

In Standard Pennsylvania Practice, volume 3, revised, §231, p. 571 and §232, p. 575, we find the following which would seem to govern the very facts now before us.

"In a trespass for damages to land resulting from the defendant's act in diverting a natural watercourse or in constructing a dam causing the plaintiff's land to flood, the complaint should describe definitely where the land is located along the watercourse. The better practice is to attach thereto a map or plan which will enable the defendant to locate with definiteness where the land is situated. It is not, however, necessary in an action for diversion to aver whether the injury claimed for is permanent or transitory only, though in an action for flooding, the complaint should show definitely how much of the plaintiff's land is overflowed or washed away."

"In actions of trespass against a defendant or defendants for mining and removing coal underlying the surface of the plaintiff's land without legal right, the complaint should aver that the defendants were mere naked trespassers, and where several defendants are sued jointly, it should show the connection of each one with the alleged wrongdoing.

"The complaint also should aver the plaintiff's title with reasonable certainty, and should in conformity

with Rule 1019 (f) state the time when the acts occurred, although it may be amended in this regard."

Under these circumstances it will be necessary for plaintiffs to amend their complaint in conformity with the above opinion.

And now, March 12, 1956, after argument and after due and careful consideration it is ordered and directed that the first preliminary objection of defendant is sustained in both of the above entitled cases, and plaintiffs are directed to file an amended complaint within 20 days from the date of the filing of this opinion.